## GOLDBERGER v. GOLDMAN.

(Circuit Court of Appeals, Sixth Circuit. October 15, 1915.)

No. 2699.

CONTRACTS ⬥28—EVIDENCE AS TO AGREEMENT—ADMISSIBILITY.

In an action by the indorser of a note to recover of another indorser the amount paid by reason of the indorsement under the claim that defendant had agreed as between himself and plaintiff to pay the note, it was proper to show the existence of defendant's alleged duty and the naturalness and equitableness of his alleged agreement as bearing upon the probability that it was made.

[Ed. Note.—For other cases, see Contracts, Cent. Dig. §§ 133–140, 1755, 1782–1784, 1785½, 1820, 1821; Dec. Dig. ⬥28.]

In Error to the District Court of the United States for the Eastern District of Michigan; Arthur J. Tuttle, Judge.

Action at law by Hyman L. Goldman against Maurice Goldberger. Judgment for plaintiff, and defendant brings error. Affirmed.

Dwight C. Rexford, of Detroit, Mich., for plaintiff in error.
Selling & Brand, of Detroit, Mich., for defendant in error.

⬥For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Before WARRINGTON, KNAPPEN, and DENISON, Circuit Judges.

PER CURIAM. Plaintiff and defendant indorsed a note for a corporation in which both were stockholders. Plaintiff sued to recover the amount which he was compelled to pay by reason of his indorsement under the claim that defendant had agreed, as between himself and plaintiff, to pay the note. Upon the first trial, verdict was instructed for defendant. This court reversed the judgment. Goldman v. Goldberger, 208 Fed. 877, 126 C. C. A. 35. On the second trial, the sole ultimate question was one of fact, viz., whether the defendant made the alleged agreement to pay the note. Defendant takes no exceptions to the charge, which was fully as favorable to him as he was entitled to. The principal complaints relate to the admission of certain items of testimony and refusal of requests to charge. There was ample evidence tending to support the verdict, and tending to show that it was defendant's duty, as between himself and plaintiff, to pay the note. It was proper to show the existence of this alleged duty and the naturalness and equitableness of his alleged agreement, as bearing upon the probability that it was made. The evidence objected to bore, for the most part, upon the relations between the parties. The requests involved were properly refused, the case has been fairly tried, and we find no error in the record.

The judgment of the District Court is accordingly affirmed, with costs.